UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH LUDWIG as Personal Representative
of the Estate of John Brandes, Deceased,

       Plaintiff,                                Case No. 1:07-cv-523

v.                                                 HON. JANET T. NEFF

BENTON HARBOR HOUSING COMMISSION
and ROVER SECURITY GUARD AGENCY, INC.,

       Defendants.
_____/

## **OPINION**

On May 31, 2007, plaintiff filed a complaint arising from the October 2004 death of the decedent, a tenant in an apartment complex operated by the Benton Harbor Housing Commission (BHHC). BHHC contracted with Rover Security Guard Agency Inc. to provide its tenants with security services. The decedent's murder was carried out by another tenant in the apartment complex and two other persons apparently known to BHHC and the security agents. Plaintiff previously filed a state court action arising from these facts, but the state court action was dismissed.

Pending before this Court is the June 27, 2007 motion of defendant Rover Security to "remand" plaintiff's claims against it to the state court for adjudication (Dkt 5) because of "possible juror confusion or the fact that state claims predominate of [sic] federal claims." Mot. at 7.

Plaintiff's response to the motion to remand, points out that this case was not removed from state court. Plaintiff also argues that remanding the state claims for adjudication in state court would be improper, arguing that these two defendants acted together in creating an unreasonably safe

environment for the elderly residents of the apartment complex and that the state and federal claims are "inextricably intertwined."

Pursuant to W.D. Mich. LCivR 7.3(d), the motion to remand is decided without hearing argument. The motion is DENIED for the following reasons.

Although defendant imprecisely seeks a "remand," jurisdiction over the subject matter of plaintiff's complaint nonetheless remains a relevant inquiry. See, e.g., *Klepsky v. United Parcel Service, Inc.,* 489 F.3d 264, 268 (6th Cir. 2007) (opining that "subject matter jurisdiction may be raised sua sponte at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction"). 28 U.S.C.A. § 1367(a) provides in pertinent part the "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Here, plaintiff alleges a state–created danger and violation of civil rights under 42 U.S.C. § 1983 against the Benton Harbor Housing Commission (BHHC) (Count 1), a custom–or– policy and failure–to–train violation of civil rights under 42 U.S.C. § 1983 against BHHC (Count 2), negligence against Rover Security (Count 3), breach of contract against Rover Security (Count 4), and wrongful death against both defendants (Count 5).

There is sufficient connection among plaintiff's claims to justify this Court's exercise of pendent jurisdiction. See generally *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725-726 (1966); *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1009-1010 (6th Cir. 1987). This Court agrees with plaintiff that her federal and state claims derive from a common nucleus of

operative fact. Moreover, judicial economy, fairness, and convenience would all be served by hearing the state claims in this federal proceeding. Therefore, Rover Security's motion to remand is DENIED.

An Order will be entered consistent with this Opinion.


DATED: March 4, 2008 /s/ Janet T. Neff
 JANET T. NEFF
 United States District Judge